No. 81-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

THE STATE OF MONTANA,

    Plaintiff and Respondent,

 -vs-

KENNETH E. COOK, SR.,

    Defendant and Appellant.

---

Appeal from: District Court of the Seventh Judicial District,
In and for the County of Dawson, The Honorable
L. C. Gulbrandson, Judge presiding.

Counsel of Record:

 For Appellant:

    Jerry D. Cook, Glendive, Montana

 For Respondent:

    Hon. Mike Greely, Attorney General, Helena,
Montana
Richard A. Simonton, County Attorney, Glendive,
Montana

---

Submitted on Briefs: April 15, 1982

Decided: June 10, 1982

Filed: **JUN 1 0 1982**

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Kenneth E. Cook, Sr., appeals his conviction of negligent homicide following a jury trial in the District Court of the Seventh Judicial District, in and for the County of Dawson.

On August 25, 1980, defendant was charged by information with negligent homicide in violation of section 45-5-104, MCA. The defendant plead not guilty, and a jury trial was held on December 8, 1980. The jury returned a guilty verdict, and the court sentenced defendant to seven years' imprisonment at the Montana State Prison. The court suspended two years of the sentence on the condition that the defendant submit to alcohol counseling while on parole. This appeal followed.

On August 19, 1980, between 8:30 and 9:00 p.m., Susan Dufner was struck and killed by a vehicle while walking or jogging with her dog on Anderson Avenue in Glendive, Montana. An autopsy revealed that she died almost instaneously from massive skull fractures extending from the top and back of the head down through the base of the skull and across the ear canals. The evidence revealed that the injuries were caused by a severe blunt force. Also, the injuries were consistent with being struck by the front grill area of a 1967 Ford pickup truck. The appellant was driving a 1967 Ford pickup on the night of Susan Dufner's death.

Expert testimony and real evidence introduced at the trial revealed that it had been appellant's pickup that struck and killed Susan Dufner. Shattered fragments of headlight glass found at the accident scene matched broken pieces of headlight glass from appellant's pickup. Paint

particles taken from the clothing worn by the victim on the night of the accident matched the paint samples from appellant's pickup. Hair, recovered from a sponge that appellant used to wipe off his pickup, matched hair samples of the victim. The sponge also contained dog hairs that matched those of the victim's dog. Finally, a large dent, similar to one expected to be made when a body slams against a vehicle, was found on appellant's pickup.

Appellant testified he had begun drinking at 10:00 a.m. on the morning of August 19, 1980, and that he had continued to drink until he left the Southside Tavern to return home at approximately 8:30 p.m. He testified that he had consumed more than twelve beers. This was, by his own admission, about two and one half times what he normally would drink.

Witnesses at the bar testified that appellant had consumed beer all day long. One witness testified she had observed the appellant staggering to the bathroom and he appeared to be drunk. Another witness testified that she had left the bar at the same time as the appellant and that he was "wobbling." She also testified that she saw appellant get into his vehicle, swing a U-turn in the middle of the street, drive away in the wrong lane of traffic, and swerve to avoid oncoming traffic. These observations took place within a short distance of the accident scene.

The appellant's nephew, who lived with him, testified that appellant arrived home at about 8:50 p.m. on the night of the accident. The nephew testified that the appellant was drunk, that he was staggering and that his speech was slurred.

The only issue on appeal is whether the evidence was sufficient to support the jury's verdict that the appellant committed the offense of negligent homicide as defined by section 45-5-104, MCA.

Appellant's basic contention is that the evidence was not sufficient to find that he consciously disregarded the risk that his drunk driving could cause the death of a pedestrian walking along Anderson Avenue after dark. He argues that his actions do not constitute a violation of section 45-5-104, MCA, because the result of his actions was not foreseeable and that his intoxication alone is not sufficient to "obviate a necessary conscious disregard."

This Court has reiterated the standard for reviewing the sufficiency of the evidence to support a conviction in numerous cases. In the recent negligent homicide case of State v. Rumley (1981), ____ Mont. ____, 634 P.2d 446, 38 St.Rep. 1351A, we addressed the standard for reviewing the evidence and stated:

> "It is the prerogative of the jury to decide the facts, and this Court must uphold such findings when they are supported by substantial evidence. As we stated in State v. Kirkaldie (1978), 179 Mont. 283, 587 P.2d 1298, 1305, 35 St.Rep. 1532, 1539, '[t]he jury is the fact-finding body and its decision is controlling . . . Given the required legal minimum of evidence, we will not substitute our determination of the facts for that of the jury . . . If substantial evidence is found to support the verdict, it will stand . . .' (Citations omitted.)" 634 P.2d at 449.

Appellant's contention that his actions do not show a "conscious disregard" as defined by section 45-5-104, MCA, is without merit. In State v. Bier (1979), ____ Mont. ____, 591 P.2d 1115, 36 St.Rep. 466, we held:

> "Defendant contends the State failed to prove

the required mental state and causation elements for a prima facie case of negligent homicide. Concerning the mental element, defendant argues that his conduct did not evidence a conscious disregard for his wife's life. Negligent homicide is defined by statute as follows:

"'(1) Criminal homicide constitutes negligent homicide when it is committed negligently.

"'(2) A person convicted of negligent homicide shall be imprisoned in the state prison for any term not to exceed ten (10) years.' Section 95-6-104, R.C.M. 1947, now section 45-5-104, MCA.

"Negligence is defined as follows:

"'. . . [A] person acts negligently with respect to a result or to a circumstance described by a statute defining an offense when he consciously disregards a risk that the result will occur or that the circumstance exists <u>or if he disregards a risk of which he should be aware</u> that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that to disregard it involves a <u>gross deviation</u> from the standard of conduct that a reasonable person would observe in the actor's situation. Gross deviation means a deviation that is <u>considerably greater than lack of ordinary care</u>. Relevant terms such as "negligent" and "with negligence" have the same meaning.' (Emphasis added.) Section 94-2-101(31), R.C.M. 1947, now section 45-2-101(31), MCA.

"In State v. Kirkaldie (1978), [179 Mont. 283], 587 P.2d 1298, 1304, 35 St.Rep. 1532, 1538, this Court explained that '[u]nlike deliberate homicide, which requires that the offense be committed purposely or knowingly, negligent homicide does not require such purpose or knowledge. Negligent homicide only requires a gross deviation from a reasonable standard of care.' A gross deviation under the statutory definition is analogous to gross negligence in the law of torts. Although somewhat nebulous in concept, gross negligence is generally considered to fall short of a reckless disregard for consequences and is said to differ from ordinary negligence only in degree, not in kind . . ." 591 P.2d at 1117-1118. (Emphasis added.)

Finally, appellant's contention that his intoxication alone cannot be the basis for a conviction of negligent

homicide is not supported by the law or the evidence. This Court held in the negligent homicide case of State v. Kirkaldie (1978), 179 Mont. 283, 587 P.2d 1298, that:

> "Criminal negligence can arise as a result of intoxication. Defendant's mental state at the time he was driving his car was not in issue. Issue was whether the driving of a car while intoxicated was a gross deviation from the standard of reasonable care . . .

> ". . .

> ". . . In this case, the evidence shows that defendant was driving his car while intoxicated and it was because of his intoxication that the accident occurred resulting in the death of Douglas Schaffer. This constitutes substantial evidence supporting defendant's conviction." 587 P.2d at 1304-1305.

See also, State v. Engstrom (1971), 79 Wash.2d 469, 487 P.2d 205.

The evidence in the present case constitutes sufficient evidence to support the appellant's conviction. The evidence illustrated that the appellant was intoxicated to such a degree that it was clearly in "gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation."

Appellant admitted consuming in excess of twelve beers, over twice his normal limit; he was observed staggering in the bar; he was observed wobbling to his vehicle; he was observed swerving and driving in the wrong lane of traffic minutes before the accident; and he was observed staggering and slurring his speech shortly after the accident.

The judgment of the District Court is affirmed.

_____
                Justice

-6-

We concur:

_____
Chief Justice

_____

_____

_____
Justices