# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Gonzalo Padilla

Case No. MI 2005-1551

Commonwealth of Virginia

v.

Edward Yap

Case No. MI 2005-1552

January 4, 2006

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

The Defendants were indicted by a grand jury on the charge of driving under the influence of alcohol in violation of § 18.2-266 of the Code of Virginia. They move *in limine* to preclude the Commonwealth from relying at

trial on the rebuttable presumptions contained in § 18.2-269 of the Code. They contend that the latter statute is unconstitutional in that it violates their due process rights. Mr. Padilla also moves to dismiss his indictment on those grounds. For the reasons that follow, the Defendants' motions are denied.

Virginia Code § 18.2-269 provides:

> In any prosecution for a violation of § 18.2-36.1 or clause (ii), (iii), or (iv) of § 18.2-266, or any similar ordinance, the amount of alcohol or drugs in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcohol or drug content of his blood in accordance with the provisions of § § 18.2-268.1 through 18.2-268.12 shall give rise to the following rebuttable presumptions: (1) If there was at that time 0.05 percent or less by weight by volume of alcohol in the accused's blood or 0.05 grams or less per 210 liters of the accused's breath, it shall be presumed that the accused was not under the influence of alcohol intoxicants at the time of the alleged offense; (2) If there was at that time in excess of 0.05 percent but less than 0.08 percent by weight by volume of alcohol in the accused's blood or 0.05 grams but less than 0.08 grams per 210 liters of the accused's breath, such facts shall not give rise to any presumption that the accused was or was not under the influence of alcohol intoxicants at the time of the alleged offense, but such facts may be considered with other competent evidence in determining the guilt or innocence of the accused; (3) If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense; or (4) If there was at that time an amount of the following substances at a level that is equal to or greater than: (a) 0.02 milligrams of cocaine per liter of blood, (b) 0.1 milligrams of methamphetamine per liter of blood, (c) 0.01 milligrams of phencyclidine per liter of blood, or (d) 0.1 milligrams of 3,4-methylenedioxymethamphetamine per liter of blood, it shall be presumed that the accused was under the influence of drugs at the time of the alleged offense to a degree which impairs his ability to drive or operate any motor vehicle, engine, or train safely. B. The provisions of this section shall not apply to and shall not affect any prosecution for a violation of § 46.2-341.24.

Virginia Code § 18.2-269 (2005).

Section 18.2-269 of the Code provides that the alcohol content of an accused's blood (determined by means of a chemical analysis of the accused's blood or breath in accordance with other statutes) gives rise to certain rebuttable presumptions concerning whether the accused was or was not under the influence of alcohol intoxicants at the time of the alleged offense. Those presumptions apply to prosecutions under, *inter alia,* § 18.2-266(ii) of the Code.

The United States Constitution provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. It further provides that "no person shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend. V. The Fourteenth Amendment is expressly applicable to the States, while the Fifth Amendment is made applicable to the states through the Fourteenth Amendment. *Malloy v. Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964). State action, as it relates to the Fourteenth Amendment, includes the actions of state courts and judicial officers when acting in their official capacities. *Shelley v. Kraemer,* 334 U.S. 1, 14, 68 S. Ct. 836, 92 L. Ed. 1161 (1948). A state also acts through its legislature. *Virginia v. Rives,* 100 U.S. 313, 318, 25 L. Ed. 667 (1880). To be constitutionally valid, § 18.2-269 of the Code, as applied to § 18.2-266(ii), must comport with constitutional principles established to ensure the protections of the Due Process Clause.

To "presume" is "to suppose to be true without proof." *Sandstrom v. Montana,* 442 U.S. 510, 517, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). A presumption is a "legal inference or assumption that a fact exists, based on the known or proven existence of some other fact or group of facts." *Black's Law Dictionary* 549 (2d pocket ed. 2001). "Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime, that is, an 'ultimate' or 'elemental' fact, from the existence of one or more 'evidentiary' or 'basic' facts." *County Ct. of Ulster County, New York v. Allen,* 442 U.S. 140, 156, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979).

Inferences and presumptions must not, however, infringe upon constitutional guarantees. *Tot v. United States,* 319 U.S. 463, 467, 63 S. Ct. 1241, 87 L. Ed. 1519 (1943). In a criminal case, the prosecution is constitutionally required to prove each element of the offense beyond a reasonable doubt. *Francis v. Franklin,* 471 U.S. 307, 313, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985). No evidentiary presumption may relieve the prosecution of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. *Id.*

Mandatory presumptions are either conclusive or rebuttable. A conclusive presumption removes the presumed element from the case if the State proves the predicate facts giving rise to the presumption. *Francis*, 471 U.S. at 314, n. 2. A rebuttable presumption requires the jury to find the presumed element, unless the defendant persuades the jury that such a finding is unwarranted. *Id.* If such a presumption relieves the State of the burden of persuasion on an element of an offense, it violates the Due Process Clause. *Id.* at 314. A permissive inference allows, but does not require, a fact-finder to infer an elemental fact upon proof by the State of a basic one, and it places no burden whatsoever on the defendant. *Id.* Such an inference only violates the Due Process Clause if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. *Id.* at 314-15.

Applying the *Francis* definitions, if § 18.2-269 establishes a rebuttable presumption, a valid blood or breath test showing a reading of .08 or more will require the fact-finder to find that the defendant was under the influence of alcohol intoxicants at the time of the offense, unless the defendant persuades the fact-finder that such a finding is unwarranted. If the statute establishes a permissible inference, a valid blood or breath test showing a reading of .08 or more will allow, but not require, the fact-finder to conclude that the defendant was under the influence of alcohol intoxicants at the time of the offense.

The issue before me presents two fundamental questions: Do the rebuttable presumptions contained in § 18.2-269 violate a defendant's due process rights? If so, can § 18.2-269 be construed to establish a valid permissive inference instead of a rebuttable presumption?

For a permissive inference to be constitutional, there must be a rational connection between the facts proved and the fact presumed. *Tot*, 319 U.S. at 467. For a rebuttable presumption to be constitutional, there must be a rational connection, and the presumption must not shift to the accused a burden borne by the prosecution so as to violate due process. *Francis*, 471 U.S. at 314. If there is no rational connection between the fact proved and the ultimate fact presumed, an inference or presumption is arbitrary and cannot be sustained. *Tot*, 319 U.S. at 467. For an example of a presumption lacking a rational connection between the fact proved and the ultimate fact presumed, see *Leary v. United States*, 395 U.S. 6, 89 S. Ct. 1532, 23 L. Ed. 2d 57 (1969). There, the United States Supreme Court rejected the mandatory presumption that "possession [of marijuana] shall be deemed sufficient evidence to authorize conviction [for importation] unless the defendant explains his possession to the satisfaction of the jury." *Id.* The Supreme Court found the presumption of knowledge that marijuana was imported (as opposed to home-grown) from its mere possession to be irrational, as the majority of possessors were unlikely to have such

knowledge. *Id.* The presumption created must bear a reasonable relation to the circumstances of life as we know them. *Id.* Courts have long recognized (and widely-accepted scientific evidence supports) the rational connection that exists between the blood alcohol level at the time of timely testing and the blood alcohol content at the time of driving, as well as the effect of alcohol on a motorist's ability to drive safely. See *Davis v. Commonwealth*, 8 Va. App. 291, 381 S.E.2d 11 (1989). It is within the province of the legislature to rely upon such scientific evidence, and the judiciary must accord significant weight to the legislature's conclusions. *United States v. Gainey*, 380 U.S. 63, 67, 85 S. Ct. 754, 13 L. Ed. 2d 658 (1965). Although the percentages contained in the § 18.2-269 presumptions have been amended downward since *Davis*, I find that those changes in the statute neither lack foundation nor render it invalid.

Defendant Padilla acknowledges that, under *Davis* as well as *Kehl v. Commonwealth*, 15 Va. App. 602, 426 S.E.2d 127 (1993), the breath sample obtained from a defendant within a statutorily prescribed time and by certain methods is rebuttably presumed to reflect his blood alcohol content at the time of his driving. He urges me to reject this presumption. As it is not the role of a circuit court judge to reverse a holding of the Court of Appeals, I decline to do so.

The more difficult question is whether the rebuttable presumptions found in § 18.2-269 comport with due process. A shift in the burden of persuasion to a defendant is plainly unconstitutional. *Francis*, 471 U.S. at 314. In *Francis*, the United States Supreme Court left undecided whether the burden of production of evidence to rebut a presumption may be shifted to the defendant without violating due process, as long as the burden of persuasion of guilt beyond a reasonable doubt remains with the prosecution. *Id.* at 314, n. 3 ("We are not required to decide in this case whether a mandatory presumption that shifts only a burden of production of the defendant is consistent with the Due Process Clause, and we express no opinion on that question.").

The Commonwealth contends that all of the cases on the constitutionality of presumptions and inferences involve consideration of jury instructions, and the issues raised in them are inapplicable because the instant matters are bench trials. I disagree. A challenge to the facial constitutionality of a statute may be made regardless of whether a jury or bench trial is involved. Even in a bench trial, both sides are entitled to know how the trial judge is applying a statute when its constitutionality is at issue.

Prior to *Francis*, the United States Supreme Court hinted in dicta that such a shift may not violate due process. In *County Ct. of Ulster County*, the United States Supreme Court upheld a jury instruction that it found to create a permissible inference not a mandatory presumption. *County Ct. of Ulster*

*County*, 442 U.S. 140, 99 S. Ct. 2213, 60 L. Ed. 2d 777. In doing so, it noted that "to the extent that a presumption imposes an extremely low burden of production, e.g. being satisfied by 'any evidence,' it may well be that its impact is no greater than that of a permissive inference, and it may be proper to analyze it as such." *Id*. at 160 (citing *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975)). In *Sandstrom*, the United States Supreme Court rejected an instruction that a jury might have interpreted as a conclusive presumption or as shifting the burden of persuasion to the defendant. *Sandstrom*, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39. Either result would violate the requirement that the state prove every element of an offense beyond a reasonable doubt. *Id*. at 523-24. The Supreme Court reasoned that "the Supreme Court of Montana is, of course, the final authority on the legal weight to be given a presumption under Montana law, but it is not the final authority on the interpretation. . . . [The jury instruction fails because jurors] were not told that the presumption could be rebutted . . . by the simple presentation of 'some' evidence; nor even that it could be rebutted at all." *Id*. at 516-17.

Cases decided since *Francis* have reached different results on the constitutionality of shifting the burden of production of evidence to the defendant. In *Allsbrooks*, the Fourth Circuit Court of Appeals held that a shift in the production of evidence to a defendant to rebut a presumption does not violate due process. *Davis v. Allsbrooks*, 778 F.2d 168, 172 (1985) ("We . . . hold that a state may legitimately shift a burden of production of an element of the crime to the defendant . . . so long as the presumed fact is rationally connected to a proven fact."). Unlike a shift of the burden of persuasion, the Fourth Circuit held that a shift in the burden of production is not constitutionally infirm. *Id*. "Shifting a production burden simply does not involve the same concerns addressed by the [Supreme] Court in *Mullaney*. *Mullaney* is grounded in the standard of proof 'beyond a reasonable doubt' required by *In re Winship*." *Id*. at 173 (citations omitted). "A burden of production shift, however, does not affect that requirement in any way. The defendant need not meet any persuasion burden at all, but instead must only introduce some evidence to dissipate the presumption and require the state to prove the element of the crime beyond a reasonable doubt." *Id*. In essence, the Fourth Circuit held that the constitutionality test for a rebuttable presumption that shifts only the production of evidence to the defendant is the same test as a permissible inference, the rational connection test.

In contrast, some states have decided, post-*Francis*, that the shift of the burden of production of evidence to a defendant to rebut a presumption violates due process. In *State v. Watts*, 181 Ill. 2d 133, 692 N.E.2d 315, 229 Ill. Dec. 542 (1998), a criminal statute provided that, if the state proves certain factors, the

fact-finder shall presume that the defendant intended not to perform repair work as promised, unless the defendant rebuts the presumption. After tracing the development of the issue through *Francis*, the Supreme Court of Illinois noted that most commentators who have considered the question have found a shift in the burden of production to a defendant to be unconstitutional. *Id.* at 322. It recognized that several states have enacted rules of evidence expressly prohibiting the use of mandatory presumptions in criminal cases, regardless of whether they shift the burden of persuasion or the burden of production. *Id.* *Watts* held that, by shifting the burden of production to the defendant, a rebuttable presumption requires him to come forward with some quantum of evidence to rebut the presumption. *Id.* at 323. If he fails to do so, the judge is in effect required to direct a verdict against him on the element that the presumption proves. *Id.* In requiring that, the statute deprives the defendant of due process. *Id.* Similarly, in *State v. Johnson*, the Supreme Court of Washington held that shifting the burden of production to a criminal defendant to rebut a presumption as to an element of an offense infringes on the right to trial by jury as to that element. *State v. Johnson*, 100 Wn.2d 607, 674 P.2d 145 (Wash. 1983), rev'd on other grounds by *State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (Wash. 1985). In *Bergeron*, the Supreme Court of Washington held that the matter that was the subject of the presumption in *Johnson* was not an element of the offense after all, and, therefore, the *Johnson* analysis was inapplicable. *Bergeron*, 105 Wn.2d 1, 711 P.2d 1000. But, *Bergeron* did not alter the underlying *Johnson* analysis that shifting a burden of production to a defendant as to an element of an offense violated due process. *Id.* It dilutes the requirement that the state prove every element of an offense beyond a reasonable doubt and imposes undue pressure on a defendant to waive his right to remain silent. *Id.* at 152.

Neither the Supreme Court of Virginia nor the Court of Appeals of Virginia has addressed this issue since *Francis*. In *Dobson v. Commonwealth*, 260 Va. 71, 531 S.E.2d 569, 571 (2000), the Supreme Court of Virginia upheld a jury instruction allowing the jury to infer from exclusive possession of stolen goods "that the defendant was the thief, unless the defendant offers a reasonable account of possession consistent with innocence which the Commonwealth has failed to prove untrue." "The Due Process Clause does not prohibit the use of a permissive inference as a procedural device that shifts to a defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt." *Id.* But despite its burden-shifting language, *Dobson* involves only a permissive inference, not a rebuttable presumption. The jury instruction allowed but did not require the jury to draw a certain inference. As such, the case

does not address whether a rebuttable presumption (as defined in *Francis*) may violate due process.

Two cases decided by the Supreme Court of Virginia before *Francis* offer some guidance. In *Wilson v. Commonwealth*, the Court considered a constitutional challenge to two presumptions contained in § 29-144.2 of the Code of Virginia (a deer spotlighting statute). *Wilson v. Commonwealth*, 225 Va. 33, 301 S.E.2d 1 (1983). The Court noted that "our general rule is to give rebuttable presumptions permissive or burden-of-production shifting effect only." *Id.* at 5. Irrebuttable presumptions and presumptions lacking a rational connection between the proved facts and the ultimate fact presumed are constitutionally infirm. *Id.* But when the trier of fact is instructed on the presumption of innocence and told that the Commonwealth must prove every element of the offense beyond a reasonable doubt, "the presumption of guilt is rebuttable and is to be analyzed as a permissive inference, even if it is construed to require the defendants to produce some evidence. . . ." *Id.* at 5. A presumption that is "rebuttable and not burden-of-persuasion shifting . . . is to be analyzed, therefore, as a permissible inference. The defendants were not required to prove anything, although they ran the risk of not producing some evidence to rebut the presumption." *Id.* The dissent in *Wilson* found that the jury "could have believed that it was required to follow the presumption, or that the defendants were required to produce more than `some evidence' in order to rebut it." *Id.* at 7. As a result, the dissent held that the presumption impermissibly shifted the burden of proof to the defendant and did not require the Commonwealth to prove every element of the offense beyond a reasonable doubt. *Id.*

In *Hodge v. Commonwealth*, 217 Va. 338, 228 S.E.2d 692, 695 (1976), the Supreme Court of Virginia held that "neither the Due Process Clause nor *Mullaney* prohibits the use of presumptions or inferences as procedural devices to shift to the accused the burden of producing some evidence contesting the otherwise presumed or inferred fact," as long as due process requirements are met and the ultimate burden of proof remains with the prosecution. Those "due process requirements are satisfied if the evidence necessary to invoke the presumption or inference is sufficient for a rational juror to find the presumed or inferred fact beyond a reasonable doubt." *Id.* If neither the presumption nor the resulting burden imposed on the defendant shifts the ultimate burden of persuasion on the critical issue from the prosecution, it does not violate the *Mullaney* standard. *Id.*

*Wilson* and *Hodge*, however, must be read in light of *Francis*. While reserving any decision on whether shifting only the burden of production of evidence violates due process, the United States Supreme Court made clear that such a distinction is a difficult one to draw. *Francis*, 471 U.S. at 317. "Had the

jury reasonably understood the instructions as creating a mandatory rebuttable presumption, the instructions would have been no less constitutionally infirm." *Id.* "A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is perhaps less onerous [than a conclusive presumption] from the defendant's perspective, but it is no less unconstitutional." *Id.*

I find that § 18.2-269 of the Code of Virginia will violate due process if interpreted as shifting the burden to a defendant to rebut an element of the offense that the fact-finder will otherwise be required to conclude. When the charge is driving under the influence of alcohol, a mandatory rebuttable presumption that requires the fact-finder upon the presentation of a certain blood alcohol level to conclude that a defendant was under the influence of alcohol, unless rebutted by the defendant, will adversely affect a defendant's right to trial by jury and his right to remain silent. It will diminish the requirement of the state to prove a defendant's guilt beyond a reasonable doubt. Only if § 18.2-269 can reasonably be read to provide a permissible inference can it satisfy due process requirements.

A court must utilize every reasonable construction to save a statute from unconstitutionality. *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trade*, 485 U.S. 568, 575, 108 S. Ct. 1392, 99 L. Ed. 2d 645 (1988). This does not permit a court to rewrite the words chosen by the legislature or ignore the plain meaning of an unambiguous statute. *Id.*; See also *Woods v. Mendez*, 265 Va. 68, 574 S.E.2d 263 (2003). But it does enable and require a trial court to construe a statute in a way that is constitutional, if such a construction is reasonable.

The terms "inference" and "presumption" have been used in overlapping fashion in case law and statutes. The United States Supreme Court has used the term "permissive presumption" as synonymous with permissible inference. *County Ct. of Ulster County*, 442 U.S. 140, 99 S. Ct. 2213, 60 L. Ed. 2d 777. In *Virginia v. Black*, 538 U.S. 343, 397, n. 3, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003), the United States Supreme Court spoke of a "permissive presumption." *Sandstrom* suggests that a permissive inference may be no different from a non-conclusive presumption. *Sandstrom*, 442 U.S. at 510. *Dobson* speaks of a permissive inference that shifts the burden of production of some evidence to a defendant, even though a permissive inference typically shifts no burden to a defendant. *Dobson*, 531 S.E.2d at 571; *Francis*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344.

Both before and after *Francis*, statutes similar to § 18.2-269 in other states have been interpreted as merely providing a permissible inference. A Montana statute called for a rebuttable presumption of intoxication if a blood alcohol level of .10 or more was present. *State v. Leverett*, 245 Mont. 124, 799 P.2d 119 (1990). In rejecting a given instruction under the statute on due process grounds, the Supreme Court of Montana noted that "in the present case, had the language of Instruction Nos. 11 and 12 been modified to make the presumption unmistakably permissive, the instructions would have passed constitutional muster." *Id.* at 126. A Pennsylvania statute created a presumption that the defendant was under the influence of intoxicating liquor if his blood test was .10 or higher. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974). But the Supreme Court of Pennsylvania held that "what is described in [the statute] is really no more than an inference which the jury may accept or reject in light of all the evidence in the case." *Id.* at 211. Most importantly, in *Wilson*, the Supreme Court of Virginia held that the general rule in Virginia is that a presumption that is rebuttable and not burden-of-persuasion shifting should be given permissive effect only. *Wilson*, 225 Va. 33, 301 S.E.2d 1, 5. A rebuttable presumption "is to be analyzed as a permissive inference, even if it is construed to require the defendants to produce some evidence of 'good cause'." *Id.* If a rebuttable presumption is to be "analyzed" as a permissive inference, then it is reasonable to construe the instant statute as creating one. *Wilson* controls this issue in Virginia.

I find that due process requires that § 18.2-269 be treated as creating a permissible inference, rather than as a mandatory rebuttable presumption, as that term is defined in *Francis*. I further find that such an interpretation of the statute is consistent with how the Supreme Court of Virginia has directed that rebuttable presumptions should be viewed. So construed, the statute is constitutional, both facially and as applied.

For these reasons, the Defendants' motions are denied.

Although these cases are presently set for a bench trial, no jury waivers have been executed by the Commonwealth or the Defendants. For that reason, and in light of the analysis above, I feel compelled to address Virginia's Model Criminal Jury Instructions. Only a jury instruction unambiguously consistent with due process requirements will meet constitutional muster.

An analysis of a jury instruction must begin with an examination of the presumption it describes. *Francis*, 471 U.S. at 313. If a jury instruction, in isolation or in the context of all the instructions, could be reasonably understood by a juror as relieving the prosecution of its burden of persuasion of an element of an offense, it violates the defendant's constitutional rights. *Id.* Virginia Criminal Model Jury Instruction 21.320 provides:

You have received evidence of the amount of alcohol concentration of the defendant at the time that a chemical test was administered. If, at that time the concentration was 0.08 or more, there is a rebuttable presumption that the defendant was under the influence of alcohol at the time of the alleged offense. This presumption may be rebutted by other evidence.

*Virginia Model Jury Instructions B Criminal*, § 1-21, Criminal Instruction No. 21.320 (2005).

I find this instruction to be constitutionally infirm. A reasonable juror could mistakenly interpret this instruction as relieving the prosecution of the burden of persuasion with respect to the presumed element and thereby deprive the defendant of due process. It does not make clear that the Commonwealth retains the burden of persuasion and that a defendant may only be found guilty if the Commonwealth has proven guilt beyond a reasonable doubt. Should this case be tried before a jury, I will not give that instruction without some modification.