CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶69 I concur in the Court’s opinion on the second issue, which reverses the District Court’s admission of the officer’s HGN testimony. I join Justice Nelson’s dissent on the first issue and would reverse the District Court’s limitation of time for voir dire as well.
¶70 I also respectfully dissent from the Court’s opinion on the issues of whether the rebuttable inference contained in § 61-8-404(2), MCA, violates Michaud’s constitutional rights to due process and to not incriminate himself. I would reverse and remand on those issues and overrule the Court’s contrary holding on the identical due process issue in Morris-a case in which I did not participate.
¶71 Driving under the influence of alcohol (DUI) is-as it should be-a strict liability offense in Montana. See § 61-8-401(7), MCA. Here, however, it is my view that the Legislature has gone too far in its zeal *262 to convict persons suspected of DUI. Agreeing wholeheartedly with the Court that statutes are presumed constitutional and a challenger bears a heavy burden, I would hold that the rebuttable statutory inference a jury may draw-that a person who refused a blood or breath test for alcohol concentration was in fact under the influence of alcohol-together with the language that the inference is rebuttable, cannot withstand constitutional scrutiny.
¶72 The elements of the strict liability DUI offense are straightforward. It is unlawful for a person under the influence of alcohol to drive or be in physical control of a vehicle on the ways of this state open to the public. Section 61-8-401(1)(a), MCA. “Under the influence” means that, as a result of taking alcohol into the body, a person’s ability to safely operate a vehicle has been diminished. Section 61-8-401(3)(a), MCA. It cannot be disputed that the State carries the burden of proving each element beyond a reasonable doubt.
¶73 Frequent readers of this Court’s opinions-whether trial judges, legal practitioners or lay Montanans-know that questions about whether the accused was driving or in physical control of a vehicle, or whether the vehicle was traveling on the ways of this state open to the public, generally are not the focal point of DUI cases. The element of the offense most often at issue is whether the State proved beyond a reasonable doubt that the accused was “under the influence” of alcohol. It is my opinion that the statutory inference and the statutory “rebuttable” language shift the burden away from the prosecution, thereby violating Michaud’s due process rights.
¶74 This Court first addressed the statutory inference at issue here in Morris. It properly relied on State v. Leverett, 245 Mont. 124, 127, 799 P.2d 119, 120-21 (1990), for the proposition that-in construing evidentiary presumptions (and implicitly, inferences) in a criminal case-the reviewing court must focus on the particular language used to charge the jury and determine how a reasonable juror would understand it. Morris, ¶ 17. Having done so, the Court noted the usual “presumption of innocence,” “beyond a reasonable doubt” and defendant “not required to ... present evidence” instructions were given, and concluded the instruction containing the § 61-8-404(2), MCA, rebuttable inference did not impermissibly shift the burden. Morris, ¶ 18. It is my view that the Court erred there and repeats the same error here.
¶75 Neither in Morris nor the present case was the jury-a group of lay people-instructed as to the meaning of an inference or how it could possibly harmonize the various instructions. Of course, it is easy to *263 simply assume that jurors hear and understand every word in instructions, thus leaving them consciously aware that they may-but need not-use Michaud’s refusal to take the breath test to establish that he was “under the influence” absent rebuttal evidence from Michaud. Even if one were willing to make such an assumption, however, it is my view that no “presumption of innocence,” “State’s burden” and “defendant need not produce evidence” instructions could ever remove the taint of the instructional and statutory language “[t]he inference is rebuttable.” At the very least, the latter language creates a stark and clear inconsistency between and among the instructions. I would hold that the statutory rebuttable inference impermissibly shifts the burden to the defendant and, therefore, violated Michaud’s constitutional right to due process. Instead, the Court simply relies on Morris, mentioning several times that the “inference is rebuttable” but without ever explaining why it is permissible to require a defendant in a criminal case to produce evidence. I cannot agree.
¶76 The Court then moves on to the portion of Morris discussing our obligation to interpret § 61-8-404(2), MCA, to avoid unconstitutionality if feasible. The Morris Court listed a handful of different rules of statutory construction, including “construe statutes narrowly,” “give effect to the legislative will” and others. See Morris, ¶ 19. One of the most basic rules of statutory construction is missing from the list, however, and it is the rule that it is our job “not to insert” language not contained in a statute. The Morris Court simply imported into subsection (2) of § 61-8-404, MCA, the language the Legislature included in subsection (l)(a)-requiring corroborating evidence of “under the influence”-when a person takes, rather than refuses, the test. Since it is clear that the Legislature knew how to include such language when it intended to do so, I cannot see how rewriting the statute in that manner ascertains the Legislature’s will or does anything other than insert language the enacting branch of government did not.
¶77 Moreover, it is one thing to say that this Court has imported the “corroborating evidence” portion of § 61-8-404(1)(a), MCA, into § 61-8-404(2), MCA. It is quite another thing for the jury to know of that critical requirement. Here, the jury, having not been instructed as to what an inference is, also was not instructed of the critical requirement that corroborating evidence was required before the State could meet its burden of proving the elements of the DUI offense beyond a reasonable doubt.
*264 ¶78 In the present case, the evidence of “under the influence” is sketchy at best and may not have been accepted by the jury as sufficient to corroborate anything more than that Michaud’s vehicle was missing a mirror, its license plate was obstructed from some perspectives, and Michaud admitted he had consumed a few drinks earlier in the day and, in the officer’s view, had “difficulty” with his balance. The question is not whether there was corroborating evidence that Michaud had a drink. The question is whether there was corroborating evidence that he was driving a vehicle “under the Influence” of alcohol; that is, whether Michaud’s ability to safely drive a vehicle had been diminished by taking alcohol into his body. See § 61-8-401(3)(a), MCA. Finally, even if the Court’s statutory construction in Morris and here were correct, the taint of instructing the jury that Michaud could rebut the refusal, and thereby try to keep it from inferring from the refusal itself that he was under the influence, remains.
¶79 I also must note that in both Morris and here, the Court follows the State’s lead in falling back on the “red herring” of the absence of a challenge to the probable cause needed for an arrest. I daresay that most television viewers in this country understand that probable cause to arrest is a much lesser standard than proving each element of a charged offense beyond a reasonable doubt. That proposition needs no citation to authority. I am concerned and mystified about the Court’s insertion of that concept here-when, indeed, it is not raised. Stating, as the Court does in ¶ 44, that evidence sufficient to support probable cause “safeguards against the possibility that a defendant could be convicted of driving under the influence of alcohol based solely upon the defendant’s refusal to take the test” turns the administration of criminal justice on its head. It also is contrary to other fundamental constitutional principles such as the presumption of innocence and the State’s burden to prove every element of a charged offense beyond a reasonable doubt.
¶80 I observe, in relation to this issue, that the Court does not address at all Michaud’s argument that the inference the jury can draw from a refusal to take the test does not meet statutory requirements for an inference. Section 26-1-502, MCA, requires that an inference be founded on a fact legally proved and “on such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men ...” In this case, the predicate fact legally proved is that Michaud refused to take the test. Clearly, that refusal could have been based on a concern that results of the test would show an *265 elevated blood alcohol concentration. In my view, however, the refusal could have been based on a simple lack of willingness to cooperate with law enforcement, a belief that such a test would be an invasion of privacy or other reasons. Thus, in my view, the deduction of “under the influence” from a refusal to take the test is not-under § 26-1-502, MCA-warr anted.
¶81 On the second issue, I would hold that the inference does not meet the statutory requirements for an inference and, much more importantly, that the rebuttable inference contained in § 61-8-404(2), MCA, and included in the jury instructions, violated Michaud’s due process rights by shifting the burden to him to come forward and rebut evidence regarding an essential element of the DUI offense the State was required to prove beyond a reasonable doubt.
¶82 I also dissent from the Court’s analysis and holding that the statutory inference does not violate Michaud’s right not to be compelled to give testimony against himself. The Court begins its analysis, at ¶ 53, with the long-established and undisputed principles that driving in Montana is a privilege and not a right and that, pursuant to § 61-8-402(1), MCA, each person who drives a vehicle in Montana has impliedly consented to a blood or breath test for determining the presence of alcohol in the person’s body. It is critical to note, however, that § 61-8-402, MCA, is the statute providing for the seizure and suspension of a driver’s license. Thus, because driving is a privilege, and implied consent to the test has been given in exchange for the exercise of that privilege, a refusal of the test logically and constitutionally results in the loss of the license.
¶83 That logic and rationale, however, is a far different matter from the statute defining the criminal offense of DUI, the constitutional requirement that the State prove each element beyond a reasonable doubt, and the constitutional right not to be compelled to testify against oneself. If Michaud is presumed innocent, need not put on a defense and can hold the State to its proof without being required to incriminate himself, how can a simple “No” in response to a request for the test-or mere silence, taken as a refusal-be substantively different from refusing to talk to law enforcement in other criminal case contexts? Stated differently, if the State cannot comment on a defendant’s silence-and our cases on that point are legion-how can the State be allowed to use a defendant’s “No,” or silence, to prove an essential element of the case, especially when a jury is simultaneously told that the defendant can undo or at least try to undo such use merely by putting on evidence, something he cannot constitutionally *266 be required to do? I submit that, constitutionally, this cannot be permitted.
¶84 In this regard, the Court relies on Forest and Armfield as holding that the right against self-incrimination is not violated when a DUI defendant’s refusal to submit to testing is admitted as evidence. I question whether these somewhat dated cases were correctly decided. Leaving those questions aside, however, it is my view that admitting evidence that a defendant refused the test does not begin to rise to the constitutional magnitude of admitting the evidence as an inference of the essential “under the influence” element and telling the jury the defendant can rebut the inference. While the bare introduction of the refusal may not be testimonial, pursuant to Forest and Armfield, I believe use of the denial as substantive evidence that the defendant was under the influence of alcohol changes the nature of the evidence entirely.
¶85 For all the stated reasons, I would reverse the District Court and remand for further proceedings. I dissent from the Court’s failure to do so.
JUSTICE NELSON joins in the foregoing concurring and dissenting opinion of CHIEF JUSTICE GRAY.