Present:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Whiting, Senior Justice

ERIC LEE DOBSON, A/K/A
DAVID LEE BROWN

v.  Record No. 991582   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        June 9, 2000
COMMONWEALTH OF VIRGINIA


                 FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we consider whether the Court of Appeals

erred in concluding that a defendant's due process rights were

not violated by a jury instruction concerning his exclusive

possession of recently stolen property.

     Eric Lee Dobson, also known as David Lee Brown (the

defendant), was tried by a jury in the Circuit Court of the City

of Richmond and found guilty of grand larceny of a motor vehicle

owned by Hertz Corporation (Hertz), in violation of Code § 18.2-

95.  The jury fixed the defendant's punishment at two years'

imprisonment, and the trial court sentenced him in accordance

with the jury's recommendation.

     The defendant appealed from his conviction to the Court of

Appeals and contended, among other things, that he suffered a

denial of due process resulting from the challenged jury

instruction.  The instruction told the jury that it may infer

from proof that the defendant was in exclusive possession of

recently stolen property that he was the thief, unless he

offered a reasonable explanation that was not disproved by the Commonwealth.

The Court of Appeals affirmed the trial court's judgment in an unpublished opinion. Dobson v. Commonwealth, Record No. 2802-97-2 (June 15, 1999). The Court held that the challenged instruction did not violate the defendant's due process rights because it did not establish a mandatory presumption, but allowed only a permissive inference that the jury was free to reject. Id. We awarded the defendant an appeal limited to this issue.

We will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court. Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313 (1998); Guill v. Commonwealth, 255 Va. 134, 137, 495 S.E.2d 489, 490 (1998). On March 28, 1997, Trooper Jeffery Carter Bradford of the Virginia State Police stopped a red, 1997 Ford Contour vehicle operated by the defendant for speeding. The defendant told Trooper Bradford that he did not have his driver's license, and he gave the officer a false name, address, social security number, and date of birth.

When Trooper Bradford obtained a computer listing for the vehicle's license plate number, he learned that the vehicle had been reported stolen. The defendant told the officer that the Contour was a rental car that he had borrowed that day from his

friend, "Billy," who lived in Room 412 of the Diamond Lodge Suites hotel on Sherwood Avenue in Richmond. Trooper Bradford went to the hotel later that day and learned that Room 412 had not been occupied for two months.

Richard Lemenzo, manager of Hertz's car rental facility at the Richmond International Airport, testified that the stolen vehicle was rented by a Hertz customer on March 4, 1997, and was returned there two days later. Lemenzo explained that after a customer returns a car, the vehicle is parked in the "ready-return" area, with the key inside the vehicle and the door unlocked, until a Hertz employee is available to drive the vehicle to a storage lot.

According to Hertz's business records, the 1997 Ford Contour that the defendant was driving had not been rented after it was returned on March 6, 1997. On March 28, 1997, the date of the defendant's arrest, Lemenzo reported to the Henrico County Police Department that the vehicle had been stolen. When a tow truck driver recovered the car for Hertz, he found a wallet containing the defendant's driver's license lodged between one of the seats and the console.

Over the defendant's objection, the trial court instructed the jury, in relevant part:

Proof of the exclusive personal possession by the defendant of recently stolen goods is a circumstance from which you may reasonably infer that the defendant

3

was the thief unless the defendant offers a reasonable account of possession consistent with innocence which the Commonwealth has failed to prove untrue.

The term "recently" is a relative term. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

On appeal, the defendant argues that the challenged jury instruction violated his due process rights because it shifted to him the burden of proving that he was not the thief and relieved the Commonwealth of its burden of proving beyond a reasonable doubt every element of the offense charged. Relying on Mullaney v. Wilbur, 421 U.S. 684 (1975), the defendant contends that the instruction was constitutionally invalid because it established a mandatory presumption that he was the thief if he was unable to provide a reasonable explanation of his possession of the vehicle consistent with his innocence. We disagree with the defendant's arguments.

The Due Process Clause requires the prosecution to prove beyond a reasonable doubt every element necessary to establish the crime charged. Victor v. Nebraska, 511 U.S. 1, 5 (1994); Sandstrom v. Montana, 442 U.S. 510, 520 (1979); Mullaney, 421 U.S. at 685; In re Winship, 397 U.S. 358, 364 (1970); Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983); Hodge v. Commonwealth, 217 Va. 338, 341, 228 S.E.2d 692, 695 (1976). However, the Due Process Clause does not prohibit the use of a permissive inference as a procedural device that shifts to a

4

defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt. County Court v. Allen, 442 U.S. 140, 156 (1979); Mullaney, 421 U.S. at 702 n.31; Stillwell v. Commonwealth, 219 Va. 214, 223, 247 S.E.2d 360, 366 (1978); Hodge, 217 Va. at 341, 228 S.E.2d at 695; see Francis v. Franklin, 471 U.S. 307, 313 (1985); Sandstrom, 442 U.S. at 521.

In determining if a jury instruction violates a defendant's due process rights, a court must consider whether the instruction creates a mandatory presumption or merely a permissive inference. Francis v. Franklin, 471 U.S. at 314.

> A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves the predicate facts, but does not require the jury to draw that conclusion. . . . Mandatory presumptions . . . violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense . . . . A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved.

Id. at 314 (citations omitted).

The jury in Mullaney received an instruction containing a mandatory presumption. Under that instruction, once the prosecution established that a homicide was both intentional and

5

unlawful, the jury was required to conclude that the act was committed with malice, unless the defendant proved by a preponderance of the evidence that he acted in the heat of passion on sudden provocation.  421 U.S. at 686.  The Supreme Court held that the instruction denied the defendant due process because it affirmatively shifted the burden of proof to the defendant on a critical fact in dispute.  Id. at 701; see also Carella v. California, 491 U.S. 263, 266 (1989) (declaring unconstitutional jury instructions imposing conclusive, statutory presumptions concerning failure to return rented property within specified time).

In Barnes v. United States, 412 U.S. 837 (1973), the Supreme Court considered the constitutionality of a jury instruction similar to the instruction before us.  There, the defendant was charged, among other things, with possession of United States Treasury checks stolen from the mails, knowing them to be stolen.  The trial court instructed the jury that "[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances in the case, that the person in possession knew the property had been stolen."  Id. at 839-40.

In rejecting a due process challenge made on grounds not raised here, the Court observed that the instruction "only

6

permitted [an] inference of guilt from unexplained possession of recently stolen property." Id. at 845. In Mullaney, the Court specifically cited this instruction from Barnes as an example of an instruction that satisfies due process requirements because "the ultimate burden of persuasion by proof beyond a reasonable doubt remain[s] on the prosecution." Mullaney, 421 U.S. at 702 n.31.

The challenged instruction in the present case, like the instruction at issue in Barnes, informed the jury that it "may" reasonably draw an inference from certain facts, if proved, provided that the defendant did not reasonably or satisfactorily explain his possession of the recently stolen property. Thus, the challenged instruction here created only a permissive inference that the jury was free to reject, irrespective of whether the defendant offered a reasonable explanation consistent with his innocence. The jury was not required to draw any conclusion from the facts proved by the Commonwealth in the absence of such contrary evidence from the defendant. The challenged instruction also benefited the defendant by effectively informing the jury that it could not infer that the defendant was the thief if he offered a reasonable explanation of possession consistent with his innocence.

In addition, the trial court instructed the jury that the Commonwealth had the burden of proving each element of the

offense beyond a reasonable doubt, that the defendant was presumed to be innocent, and that he had no burden to produce any evidence.  Thus, the jury was plainly instructed that, notwithstanding the permissive inference set forth in the challenged instruction, the Commonwealth still was required to prove beyond a reasonable doubt each element of the offense, including the element that the defendant was the criminal agent.

For these reasons, we will affirm the Court of Appeals' judgment.

Affirmed.