COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


OK SOON LEE KIM, S/K/A
  OK SOON LEE-KIM

                                                    MEMORANDUM OPINION*
v.        Record No. 1347-05-4                           PER CURIAM
                                                       FEBRUARY 7, 2006
FAIRFAX COUNTY


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          R. Terrence Ney, Judge

           (Simon M. Osnos, on brief), for appellant.  Appellant submitting on
           brief.

           (Robert F. Horan Jr., Commonwealth's Attorney; Jenna K. Sands,
           Assistant Commonwealth's Attorney, on brief), for appellee.
           Appellee submitting on brief.


        Ok Soon Lee Kim was convicted of administering a massage without a permit in violation

of Fairfax County Code § 28.1-2-1.  Appellant contends the evidence was insufficient to support her

conviction because Fairfax County failed to prove she performed a massage for compensation, as

required by Fairfax County Code § 28.1-1-3, and because the County failed to prove the massage

was not administered under specific circumstances excluded from the licensure requirement

pursuant to Fairfax County Code § 28.1-1-4(a) and (b).  For the reasons set forth below, we reverse

and dismiss appellant's conviction.

                                          I.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). So viewed, the evidence proved that Officer John Morris of the Fairfax County police visited Ivy Therapy, a massage parlor, to inspect the facility. The officer opened the door to one of the rooms and saw appellant standing at the head of a massage table holding a towel. A nude man was lying on his stomach on the table. When the officer entered the room, appellant threw the towel over the man on the table. Appellant later said she had given the man a massage of "the entire body" and acknowledged she did not possess a massage therapist permit issued by Fairfax County.

## II.

Fairfax County Code § 28.1-2-1(a) provides that "[i]t is unlawful for any person to offer or administer a massage in Fairfax County unless he or she has a valid massage therapist permit . . . ." A "massage" is defined as

> treatment, *for compensation*, of soft tissues for therapeutic purposes by the application of massage and bodywork techniques based on the manipulation or application of pressure to the muscular structure or soft tissues of the human body, unless the massage is excluded from regulation by § 28.1-1-4.

Fairfax County Code § 28.1-1-3 (emphasis added). To establish a violation of Fairfax County Code § 28.1-2-1, which incorporates the definition of "massage" contained in Fairfax County Code § 28.1-1-3, the County was required to prove that appellant performed the services in question for compensation. "Compensation" has been defined as "payment for value received or service rendered." Webster's Third New International Dictionary 463 (1993).

The County proved that appellant was in a room behind a closed door at Ivy Therapy, a massage parlor. Appellant was standing beside a massage table, and a nude man was on the table. These facts and circumstances *suggested* that Ivy Therapy was a business and appellant was not providing a free service. However, no evidence *proved* beyond a reasonable doubt that

appellant had received, or had an expectation of receiving, compensation for giving a massage. The evidence did not establish that appellant was employed by Ivy Therapy.

"The Due Process Clause requires the prosecution to prove beyond a reasonable doubt every element necessary to establish the crime charged." Dobson v. Commonwealth, 260 Va. 71, 74, 531 S.E.2d 569, 571 (2000). "To justify conviction of a crime, it is insufficient to create a suspicion or probability of guilt." Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997). The County failed to prove beyond a reasonable doubt that appellant performed a massage for compensation. Therefore, we reverse appellant's conviction and dismiss the warrant. Accordingly, we need not consider whether the evidence demonstrated the inapplicability of the exclusions contained in Fairfax County Code § 28.1-1-4(a) and (b).

Reversed and dismissed.