COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and Powell
Argued at Richmond, Virginia


STEVEN MICHAEL FRIEL
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1346-10-2                        JUDGE LARRY G. ELDER
                                                         JUNE 28, 2011
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Frederick G. Rockwell, III, Judge

          Richard R. Fuller, Jr. (The Law Office of Richard R. Fuller, Jr., on
          brief), for appellant.

          Karen Misbach, Assistant Attorney General (Kenneth T. Cuccinelli,
          II, Attorney General, on brief), for appellee.


        Steven Michael Friel (appellant) appeals from his bench trial conviction for grand larceny

of a check in violation of Code § 18.2-98.  He contends the Commonwealth cannot prove he

stole the check without employing the permissive inference that one in possession of recently

stolen property is the thief.  See, e.g., Dobson v. Commonwealth, 260 Va. 71, 74-76, 531 S.E.2d

569, 571-72 (2000).  He contends further that the record fails to establish when the check was

stolen and, thus, that the inference is not available.  Accordingly, he contends the evidence is

insufficient to support his conviction and that it must be reversed.  Basic principles of appellate

review compel us to agree with the Commonwealth's assertion that the record is not sufficiently

complete to allow us to review this issue on appeal.  Thus, we affirm without reaching the merits

of appellant's assignment of error.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Settled principles provide that

> on appeal the judgment of the lower court is presumed to be
> correct and the burden is on the appellant to present to us a
> sufficient record from which we can determine whether the lower
> court has erred in the respect complained of. If the appellant fails
> to do this, the judgment will be affirmed.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256 (1961); see White v. Morano, 249 Va.

27, 30, 452 S.E.2d 856, 858 (1995).

Rule 5A:8 provides that "the transcript of any proceeding is a part of the record when it is

filed in the office of the clerk of the trial court within 60 days after entry of the final judgment."

In lieu of or to supplement a transcript, a party may submit a written statement of facts that has

been presented to and signed by the trial judge and filed by the clerk of the trial court in

accordance with Rule 5A:8(c).

> If . . . the transcript [or statement of facts] is indispensable to the
> determination of the case, then the requirements for making the
> transcript [or statement of facts] a part of the record on appeal must
> be strictly adhered to. This Court has no authority to make
> exceptions to the filing requirements set out in the Rules.

Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986); see Anderson v.

Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992) (statements of facts).

"When the appellant fails to ensure that the record contains transcripts or a written statement of

facts necessary to permit resolution of appellate issues, any assignments of error affected by such

omission shall not be considered." Rule 5A:8(b)(4)(ii). Whether the record is sufficiently

complete to permit our review on appeal is a question of law subject to our *de novo* review. See

Turner, 2 Va. App. at 99, 341 S.E.2d at 402 ("If *we* determine that the transcript [or statement of

facts] is indispensable . . . , we *must* [conclude] that the record on appeal is insufficient to fairly

and accurately determine the issues presented." (Emphases added)).

Here, whether due to human error or equipment failure, a portion of appellant's trial was not recorded and, thus, could not be transcribed by the court reporter. Although nothing in the record indicates this failure was attributable to appellant, he nevertheless bore the burden of presenting on appeal a record of the trial court proceedings sufficiently complete to allow us to determine whether the trial court erred in the manner he claims. E.g., Justis, 202 Va. at 632, 119 S.E.2d at 256. Rule 5A:8(c) provided him with the mechanism through which to do so—a written statement of facts to supplement the transcript. However, no such statement was ever presented to the trial court or made a part of the record for purposes of appeal. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statement of counsel in open court."[1] Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993); see Crawley v. Ford, 43 Va. App. 308, 315-16, 597 S.E.2d 264, 268 (2004) (noting "proffers and statements do not constitute *evidence* from which this Court can make a determination as to whether the trial court erred in reaching its judgment" and discussing what is required to constitute a stipulation, judicial admission or evidential admission (emphasis added)).

Further, absent a complete transcript or statement of facts approved pursuant to Rule 5A:8(c), we conclude the record is insufficient to permit us to determine whether the trial court erred in the manner appellant contends. Although appellant argues on appeal "[he] and the Commonwealth agree that the necessary testimony for appeal was transcribed and is part of the

---

[1] Appellant's counsel alluded to an agreement with the Commonwealth's attorney regarding what facts were proved at trial and the completeness of the record for purposes of appeal. Regarding the facts proved at trial, the Commonwealth's attorney, in his brief in opposition to appellant's petition, stated, "*For the limited purposes of this brief*, the Commonwealth is in general agreement with the [appellant's] statement of facts." (Emphasis added). Appellant has not pointed to any other place in the record which would indicate the Commonwealth's attorney agreed to appellant's representations regarding the facts proved at trial or the completeness of the record, and in any event, as discussed *supra* and *infra* in the text, no such agreement would be binding for purposes of appellate review.

record," nothing in the record on appeal confirms such an agreement, and in any event, such an agreement would not be binding on this Court or the Commonwealth on appeal. See Logan v. Commonwealth, 47 Va. App. 168, 172 & n.4, 622 S.E.2d 771, 773 & n.4 (2005) (en banc) (noting, subject to certain exceptions not applicable here, that a party "'can concede the facts but cannot concede the law'" (quoting Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990))); see also In re: Dep't of Corr., 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981) (holding "the Commonwealth may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney"). Thus, we conduct a *de novo* review of the record before us on appeal.

Assuming without deciding the evidence in the partial transcript is insufficient to establish whether appellant's possession of the check he cashed on August 3, 2009, was sufficiently contemporaneous with its taking to support the inference that he was the thief, the record, *if complete*, could have contained other evidence establishing the disputed fact. The transcript ended in the middle of the testimony of one of the Commonwealth's witnesses—appellant's brother, Thomas Friel—and did not resume until midway through argument on the combined motion to strike and closing argument. The portions of the parties' arguments contained in the transcript appear to indicate that appellant made statements to Thomas concerning the check and that Thomas testified about those statements at trial; however, no such testimony appears in the partial transcript. Those arguments also seem to indicate that appellant testified in his own behalf at trial; again, however, no testimony from appellant appears in the partial transcript. These demonstrated gaps in the record leave open the possibility that additional evidence establishing when the check was taken may have been presented during the Commonwealth's case-in-chief, during appellant's case-in-chief, or through any rebuttal testimony the Commonwealth may have submitted. Our rules simply do not permit us to rely on

the statements of counsel to the contrary or any purported agreement regarding same between appellant's counsel and counsel for the Commonwealth that was not approved by the trial court in compliance with established principles of appellate procedure.

Accordingly, we conclude that the missing portion of the transcript is indispensable to our review of the issue and, thus, that we may not consider appellant's claim on appeal. For these reasons, we affirm appellant's conviction without considering the assignment of error on the merits.

<u>Affirmed.</u>