PRESENT:  Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Koontz, S.J.

JAMES LINDSEY

v.  Record No. 151111

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUSTICE DONALD W. LEMONS
JANUARY 19, 2017

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in concluding that a defendant's due process rights were not violated by a jury instruction concerning willful concealment of goods or merchandise while on the premises of a store.

## I.   Facts and Proceedings

James Lindsey ("Lindsey") was tried by a jury in the Circuit Court of Arlington County ("trial court") upon an indictment charging petit larceny, third or subsequent offense.  He was found guilty and sentenced to seven days in jail.

Bryan Knott ("Knott"), an employee at a retail store dealing in clothing for hiking and outdoor wear in Arlington, testified at trial that he observed Lindsey conceal at least two hats under his jacket while in the store.  Knott notified his manager and another employee regarding what he had witnessed.  The manager, Brad Dana, contacted police while the other employee, Steve Lappat ("Lappat") confronted Lindsey.  When confronted by Lappat, Lindsey denied concealing the hats and demanded to speak to the manager.  After the police arrived, an altercation occurred between Lindsey and Lappat.  Lindsey was subsequently arrested.

Over Lindsey's objection, the trial court gave Instruction 16 to the jury, which read:

> Willful concealment of goods or merchandise while still on the premises of a store is evidence of an intent to convert and defraud the owner of the value of the goods or merchandise, unless there is believable evidence to the contrary.

This instruction came from the Virginia Model Jury Instructions. 2 Virginia Model Jury Instructions – Criminal, No. 36.840 (2011 repl. ed.). Lindsey had proposed an alternate instruction, Instruction O, which the trial court rejected. Instruction O read:

> You may infer that willful concealment of goods or merchandise while still on the premises of a store is evidence of an intent to convert and defraud the owner of the value of the goods or merchandise.

Lindsey appealed his conviction to the Court of Appeals and contended, among other things[*], that he suffered a denial of due process resulting from the challenged jury instruction. The Court of Appeals affirmed the trial court's judgment in an unpublished per curiam order. *Lindsey v. Commonwealth,* Record No. 1558-14-4 (April 16, 2015). The Court of Appeals determined that Instruction 16 merely suggested to the jury a possible conclusion it could draw from predicate facts. Accordingly, the Court of Appeals held that the challenged instruction did not violate Lindsey's due process rights because it informed the jury only about a permissive inference, not a mandatory presumption. Lindsey appealed to this Court, and we granted his appeal on the following assignment of error:

> The Court of Appeals erred in upholding the trial court's giving of Jury Instruction 16, and denying proffered Instruction O, because Instruction 16 impermissibly shifted the burden of proof to the defense, in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution.

## II. Analysis

### A. Standard of Review

Whether a jury instruction accurately reflects the relevant law is itself a question of law, which we review de novo. *Lawlor v. Commonwealth*, 285 Va. 187, 228, 738 S.E.2d 847, 870

---

[*] Lindsey also challenged the sufficiency of the evidence, but that question is not at issue in this appeal.

2

(2013); *Orthopedic & Sports Physical Therapy Assocs. v. Summit Group Props.*, 283 Va. 777, 782, 724 S.E.2d 718, 721 (2012). In determining whether this jury instruction violates the defendant's due process rights, we must consider whether the instruction creates a mandatory presumption or merely a permissive inference. *Dobson v. Commonwealth*, 260 Va. 71, 75, 531 S.E.2d 569, 571 (2000) (citing *Francis v. Franklin*, 471 U.S. 307, 314 (1985)).

## B. Due Process Clause

On appeal, Lindsey argues that Instruction 16 contained a mandatory, rebuttable presumption that shifted the burden of proof to him, thereby violating his due process rights. Relying on *Francis v. Franklin*, he argues the instruction was constitutionally invalid because the jury would have understood the instruction to mean that if they found evidence of concealment, they were required to find intent to defraud unless the defendant convinced them otherwise.

The Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970). Mandatory presumptions violate the Due Process clause because they instruct the jury that it must infer the presumed fact if the State proves certain predicate facts, which relieves the State of the burden of persuasion on an element of an offense. *Dobson,* 260 Va. at 75, 531 S.E.2d at 572.

The Due Process Clause, however, does not prohibit the use of a permissive inference. *Id.* at 74, 531 S.E.2d at 571. A permissive inference is "a procedural device that shifts to a defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt." *Id.* at 74-75, 531 S.E.2d at 571. "A permissive inference does not relieve the State of its burden of proof because it still requires the State to convince the jury that the suggested

3

conclusion should be inferred based on the predicate facts provided." *Id.* at 75, 531 S.E.2d at 572 (quoting *Francis*, 471 U.S. at 314).

## C.  Instruction 16

Lindsey maintains that the language in Instruction 16 is similar to the language declared unconstitutional by the United States Supreme Court in *Francis*.  In *Francis*, the defendant shot and killed the victim while attempting to flee from police.  471 U.S. at 309-12.  The defendant's sole defense was that the shooting was an accident and he lacked the requisite intent to kill.  *Id.* at 311.  The following jury instructions were given at his trial:

> [1] The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted.
> [2] A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but the presumption may be rebutted.

*Id.* at 309.

The defendant was convicted of murder, and on appeal he challenged these instructions as unconstitutional.  The Supreme Court agreed, holding that the instructions impermissibly created mandatory rebuttable presumptions.  *Id.* at 318.  The Court found that the language "is presumed" and "are presumed" was "cast in the language of command" and undermined the factfinder's responsibility at trial to find the ultimate facts beyond a reasonable doubt.  *Id.* at 316. Lindsey argues that the language in Instruction 16, "willful concealment … is evidence of an intent to convert and defraud," is also "cast in the language of command" and directs the jury to find intent to defraud if the jury finds willful concealment.

We find that Instruction 16 is not similar to the instructions at issue in *Francis*; rather, it is like language of the jury instruction that was challenged in *Dobson.*  Dobson was charged with grand larceny of an automobile, and the jury was instructed that:

4

> Proof of the exclusive personal possession by the defendant of recently stolen goods is a circumstance from which you may reasonably infer that the defendant was the thief unless the defendant offers a reasonable account of possession consistent with innocence which the Commonwealth has failed to prove untrue.

260 Va. at 74, 531 S.E.2d at 571. Dobson appealed his conviction, arguing that this instruction created an unconstitutional mandatory presumption that he was the thief if he was unable to provide a reasonable explanation for his possession of the vehicle. *Id.* We rejected his argument and held that this instruction merely informed the jury that it could draw an inference from certain facts, if proved, provided the defendant did not reasonably explain his possession of the recently stolen property. *Id.* at 76, 531 S.E.2d at 572. The jury was not required to draw any conclusion from the facts proved by the Commonwealth in the absence of such contrary evidence from the defendant. *Id.* We further held that the challenged instruction actually benefitted the defendant because it effectively informed the jury that it could *not* infer that the defendant was a thief if he offered a reasonable explanation of his possession consistent with his innocence. *Id.*

In this case, the Commonwealth was required to prove that Lindsey willfully concealed the merchandise, and did so with the intent to convert the merchandise to his use without having paid for the merchandise. The relevant portion of Code § 18.2-103 provides:

> Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner of the value of the goods or merchandise, (i) willfully conceals or takes possession of the goods or merchandise of any store or other mercantile establishment… when the value of the goods or merchandise involved in the offense is less than $ 200, shall be guilty of petit larceny… The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise.

5

The language of Instruction 16 merely instructed the jury that willful concealment of goods while on the premises of a store *is evidence of* intent to convert and defraud. It provided that the jury could consider the concealment of merchandise as evidence of criminal intent, along with any other evidence that was presented to it. Under Code § 18.2-103, willful concealment is prima facie evidence of intent to convert or defraud. This instruction was a proper statement of the law. Moreover, this instruction did not relieve the Commonwealth of its burden of proving each element of the offense beyond a reasonable doubt. The remaining language of the instruction, "unless there is believable evidence to the contrary," reinforced that the Commonwealth had the burden of proving each element beyond a reasonable doubt. The instruction did not state that willful concealment alone satisfies the Commonwealth's burden of proof as to the element of intent. Like the instruction in *Dobson*, this instruction merely created a permissible inference that the jury was free to reject. Significantly, the instruction did not indicate or suggest that the jury was required to draw any conclusion from the facts proved by the Commonwealth. Accordingly, because Instruction 16 contained a permissive inference and not a mandatory presumption, the trial court did not err in giving it to the jury.

In addition to Instruction 16, the trial court also instructed the jury that the Commonwealth had the burden of proving each element of the offense beyond a reasonable doubt, that the defendant was presumed innocent until proven guilty, that the presumption of innocence remained with him throughout trial, and that he had no burden to produce any evidence. (App. 4-7). In particular, the jury was given Instruction M, the "finding instruction." (App. 7). This instruction provided that:

> Mr. Lindsey is charged with the crime of petit larceny by willful concealment of goods or merchandise third or subsequent offense. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

6

1. That Mr. Lindsey willfully concealed the merchandise of Hudson Trail Outfitters; and

2. That Mr. Lindsey intended to convert the merchandise to his own or another's use without having paid the full purchase price thereof; and

3. That Mr. Lindsey had no authority to do so; and

4. That the merchandise was of some value; and

5. That Mr. Lindsey has a least two (2) prior larceny convictions.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime charged, then you shall find Mr. Lindsey guilty, but not fix the punishment until further evidence is heard by you.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the first four elements of the crime charged but has proved only one prior conviction, then you shall find Mr. Lindsey guilty of the crime of petit larceny second offense, but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the first four elements but has failed to prove any prior convictions, then you shall find Mr. Lindsey guilty of the crime of petit larceny first offense, but you shall not fix punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the first four elements of the crime, then you shall find Mr. Lindsey not guilty. (App. 7).

The finding instruction made perfectly clear that the jury was instructed that, notwithstanding the permissive inference set forth in Instruction 16, the Commonwealth was still required to prove beyond a reasonable doubt each element of the offense, including the element of intent.

"When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." *Daniels v. Commonwealth*, 275 Va. 460, 466, 657 S.E.2d 84, 87 (2008) (quoting *Stockton v.*

7

*Commonwealth*, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984)).  In this case, Instruction 16

fully and fairly covered the inferences permitted from evidence presented of willful concealment.

Accordingly, the trial court did not err in refusing to give Instruction O.

III.  Conclusion

For the reasons stated, we will affirm the Court of Appeals' judgment.

*Affirmed.*

JUSTICE GOODWYN, with whom SENIOR JUSTICE KOONTZ joins, dissenting.

I respectfully dissent.  The majority's conclusion that Instruction 16 contains a permissive

inference is belied by the plain language of Instruction 16 and by United States Supreme Court and

Virginia precedent.

Instruction 16 states,

> Willful concealment of goods or merchandise while still on the premises of a store is evidence of an intent to convert and defraud the owner of the value of the goods or merchandise, unless there is believable evidence to the contrary.

"The threshold inquiry in ascertaining the constitutional analysis applicable to this kind

of jury instruction is to determine the nature of the presumption it describes." *Sandstrom v.*

*Montana*, 442 U.S. 510, 514 (1979).  As noted by the majority, "In determining if a jury

instruction violates a defendant's due process rights, a court must consider whether the

instruction creates a mandatory presumption or merely a permissive inference." *Dobson v.*

*Commonwealth*, 260 Va. 71, 75, 531 S.E.2d 569, 571 (2000).

In making the determination, the "[a]nalysis must focus initially on the specific language

challenged," but "the potentially offending words must [also] be considered in the context of the

8

charge as a whole." *Francis v. Franklin*, 471 U.S. 307, 315 (1985). The key question is "what a reasonable juror could have understood the [instruction] as meaning." *Id.* at 316.

The United States Supreme Court has described mandatory presumptions as those that instruct the jury "that it must infer the presumed fact if the State proves certain predicate facts." *Id.* at 314. A rebuttable mandatory presumption "does not remove the presumed element from the case but nevertheless requires the jury to find the presumed element unless the defendant persuades the jury that such a finding is unwarranted." *Id.* at 314 n.2. On the other hand, "[a] permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." *Id.* at 314. For this reason, a mandatory presumption is a

> far more troublesome evidentiary device. For it may affect not only the strength of the "no reasonable doubt" burden but also the placement of that burden; it tells the trier that he or they must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts.

*Ulster Cnty. Ct. v. Allen,* 442 U.S. 140, 157 (1979).

Considering the elements of the crime expressed in Code § 18.2-103,[*] in Instruction 16 the presumed elemental fact is "intent to convert or defraud the owner," and the basic or predicate fact is "willful concealment of goods and merchandise." Instruction 16 is cast in the language of a command. *See Francis*, 471 U.S. at 316. It requires the jury to find that willful concealment *is* evidence of intent to convert or defraud, unless there is believable evidence to the contrary. Because the plain language of the Instruction *requires* the jury to find the elemental

---

[*] The relevant portion of Code § 18.2-103 provides:
Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner of the value of the goods or merchandise, (i) willfully conceals . . . the goods or merchandise of any store or other mercantile establishment . . . when the value of the goods or merchandise involved in the offense is less than $200, shall be guilty of petit larceny.

fact of intent upon proof of the predicate fact of concealment, according to United States Supreme Court precedent, Instruction 16 contains an unconstitutional mandatory presumption.

Examination of the language used in Instruction 16 against the precedential description of a permissive inference is conclusive in demonstrating that Instruction 16 does not contain a permissive inference.

> The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. . . . Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

*Allen*, 442 U.S. at 157.

Unlike prior cases in which an instruction was found to contain a permissive inference, Instruction 16 did not inform the jury that it *was allowed to infer* that the basic fact (concealment) was evidence of the elemental fact (intent), but rather informed the jury that it was *required to* infer that proof of concealment was evidence of intent. In this instance, the jury instruction did not permit the jury to weigh the evidence and use its judgment to determine whether to infer that proof of concealment was evidence of intent to convert and defraud; it *required* the jury to make that inference, unless there was evidence presented to the contrary. Thus, the inference was not *permissive*, but mandatory. According to the United States Supreme Court, such an instruction improperly shifts the Commonwealth's burden of persuasion regarding whether, upon weighing the evidence, the jury believes willful concealment is evidence of intent to convert or defraud.

10

In *Francis*, the Supreme Court stated,

> A mandatory rebuttable presumption is perhaps less onerous from the defendant's perspective, but it is no less unconstitutional. Our cases make clear that "[such] shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the Due Process Clause." *Patterson v. New York*, 432 U.S., at 215. In *Mullaney v. Wilbur,* we explicitly held unconstitutional a mandatory rebuttable presumption that shifted to the defendant a burden of persuasion on the question of intent. 421 U.S. at 698-701. And in *Sandstrom* we similarly held that instructions that might reasonably have been understood by the jury as creating a mandatory rebuttable presumption were unconstitutional. 442 U.S. at 524.

*Francis*, 471 U.S. at 317.

The reliance of the majority opinion upon *Dobson* for support of its conclusion that Instruction 16 contains a permissive inference is misplaced. In its analysis, the majority states the Instruction in this case is similar to that found to be a permissive inference in *Dobson*, 260 Va. at 74, 76, 531 S.E.2d at 571-72. However, the majority opinion fails to consider that the instructions in the two cases are dissimilar in one extremely important manner. In *Dobson*, we noted that the jury was not required, by the subject instruction, to draw any conclusion from the facts proved by the Commonwealth. Instruction 16, on the other hand, requires the jury to draw a conclusion, unless there is evidence to the contrary.

The instruction in *Dobson* specifically informed the jury that it "may reasonably infer" the elemental fact of the defendant being the thief, unless the defendant offered "a reasonable account of possession consistent with innocence." *Id.* at 74, 531 S.E.2d at 571. Unlike in this case, the instruction in *Dobson* did not require that proof of a basic fact (exclusive personal possession of the stolen property by the defendant) be accepted by the jury as evidence of the elemental fact (that the defendant was the thief). Thus, I disagree with the majority's determination that *Dobson* supports its conclusion that Instruction 16 contained a permissive inference.

11

A closer examination of our *Dobson* opinion would seem to make it clear that Instruction 16 does not fit the criteria our Court cited as important in concluding that the instruction given in *Dobson* included a permissive inference. In *Dobson*, we stated that

> [a] mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves the predicate facts, but does not require the jury to draw that conclusion. . . . Mandatory presumptions … violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense . . . . A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved.

*Id.* at 75, 531 S.E.2d at 572 (quoting *Francis*, 471 U.S. at 314).

The instruction in *Dobson* suggested to the jury a possible conclusion to be drawn (the defendant was the thief), but did not *require* the jury to draw that conclusion. Instruction 16 includes a mandatory presumption that informed the jury that it was required to infer the presumed fact (evidence of intent) if the Commonwealth proved the predicate fact (willful concealment).

Instruction 16 violates the Due Process Clause by relieving the Commonwealth of the burden of persuasion concerning whether concealment was, in this instance, evidence of intent to convert or defraud the store owner. In contrast, the subject instruction in *Dobson* did not relieve the Commonwealth of its burden of persuasion because it still required the Commonwealth to convince the jury that the suggested conclusion (that the defendant was the thief) should be inferred based on the predicate facts (defendant was found in possession of the stolen property).

We explained in *Dobson* that

> [t]he challenged instruction in the present case . . . informed the jury that it "may" reasonably draw an inference from certain facts, if proved, provided that the defendant did not reasonably or satisfactorily explain his possession of the recently stolen property. Thus, the challenged Instruction here created only a

12

permissive inference that the jury was free to reject, irrespective of whether the defendant offered a reasonable explanation consistent with his innocence. The jury was not required to draw any conclusion from the facts proved by the Commonwealth in the absence of such contrary evidence from the defendant.

*Id.* at 76, 531 S.E.2d at 572.

Unlike in *Dobson*, Instruction 16 did not invoke a permissive inference that the jury was free to reject, irrespective of believable evidence to the contrary. Rather, Instruction 16 required the jury to draw a conclusion about the evidence from the facts proven by the Commonwealth, in the absence of the production of contrary evidence.

The majority opinion's additional attempts to bolster its conclusion that the language in Instruction 16 constitutes a permissive inference are also unavailing. The opinion points out that Instruction 16 does not state that the Commonwealth is relieved of its burden of proving each element of the offense beyond a reasonable doubt, and that the Instruction did not state that willful concealment alone satisfies the Commonwealth's proof. That is true, but similar arguments could be made in support of the instruction found to be unconstitutional by the United States Supreme Court in *Francis*. In *Francis*, the Supreme Court found the challenged instruction to be unconstitutional because it contained a rebuttable presumption which could have misled the jury concerning the applicable burden of persuasion despite other instructions concerning burden of proof. 471 U.S. at 318. In this instance, as in *Francis,* the fact that the Instruction did not facially state that it was relieving the Commonwealth of its burden of proving each element of the offense beyond a reasonable doubt is not helpful in making the determination of whether the instruction contains a mandatory presumption that might mislead a jury.

As regards the dependent clause included in Instruction 16, the majority opinion claims, "[t]he remaining language of the instruction, 'unless there is believable evidence to the contrary,'

13

reinforced that the Commonwealth had the burden of proving each element beyond a reasonable doubt." I disagree. Because the independent clause in Instruction 16 included language in the nature of a command that required the jury to draw the conclusion that concealment was evidence of an intent to convert or defraud, unless the jury was presented with evidence to the contrary, the "remaining language," rather than reinforcing the Commonwealth's burden of proof, indicates that rebuttal evidence was necessary to overcome the stated presumption regarding intent.

"The believable evidence to the contrary" referenced in Instruction 16, if indeed such evidence could have been presented, logically would have been presented by the defendant. It strains common sense to believe that the Commonwealth would have offered such evidence, as it had no obligation or incentive to do so. Rather, the jury would have expected such evidence to be offered by the defendant. The United States Supreme Court noted this issue in deciding that the instruction offered in *Francis* was unconstitutional.

In *Francis*, the Court explained that when preceded by mandatory language, the instruction that a presumption may be rebutted could be read as telling the jury that it was required to make the inference unless the defendant persuaded it otherwise. 471 U.S. at 318. Such an instruction is unconstitutional because it may be understood as indicating that the "defendant bore an affirmative burden of persuasion once the State proved the underlying act giving rise to the presumption." *Id.*

There is no authority for the majority's implied proposition that proper finding and burden of proof instructions may render an unconstitutional instruction harmless. In this instance, the constitutional question is whether "a reasonable juror could have understood [the instruction] as a mandatory presumption that shifted to the defendant the burden of persuasion on

14

the element of intent once the [Commonwealth] had proved the predicate acts." *Id.* at 316. Instruction 16 contains mandatory language that a jury might reasonably have understood as creating a mandatory rebuttable presumption that shifted the burden of persuasion to the defendant. It is therefore unconstitutional. Thus, I would reverse the judgment of the Court of Appeals and remand the case to the circuit court for a new trial, if the Commonwealth be so advised.

For these reasons, I respectfully dissent.