UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


CHIQUITA LYNETTE PARKER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0303-16-1                      CHIEF JUDGE GLEN A. HUFF
                                                    OCTOBER 3, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

(James B. Melton, on brief), for appellant.  Appellant submitting
on brief.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Chiquita Lynette Parker ("appellant") appeals her conviction of driving on a suspended

license, third or subsequent offense, in violation of Code § 46.2-301.  Following a jury trial in

the Circuit Court of the City of Chesapeake ("trial court"), appellant was sentenced to twelve

months' incarceration and a $2500 fine.[1]  On appeal, appellant argues that the trial court erred in

admitting appellant's Virginia Department of Motor Vehicles ("DMV") transcript into evidence.

For the reasons that follow, this Court affirms the trial court's ruling.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The jury also convicted appellant of other crimes not at issue in this appeal.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence established that on September 20, 2014, a Virginia State Police trooper observed a vehicle drive through a red light.  He initiated a traffic stop of the driver, whom he eventually identified as appellant.  After cross-referencing appellant's information with a law enforcement database, the trooper discovered that appellant's operator's license was suspended.

At trial, the Commonwealth sought to introduce a redacted version of appellant's DMV transcript obtained by the trooper.  Appellant raised four objections to its admission:  (1) that the procedure by which the Commonwealth obtained the transcript violated the procedure set forth in Code § 46.2-384, rendering it inadmissible; (2) that the presence of an inaccurate notation in the transcript, despite being redacted, cast doubt on the record's validity; (3) that admitting the transcript violated appellant's Sixth Amendment right to confront witnesses against her; and (4) that Code § 46.2-384 violated appellant's right to due process by impermissibly shifting the burden of proof from the Commonwealth to her.  The trial court overruled each of these objections and admitted the transcript.  This appeal followed.

## II.  STANDARD OF REVIEW

Decisions concerning the admissibility of evidence are within the discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion.  Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010).  "Under this deferential standard, a 'trial judge's ruling will not be reversed simply because an appellate court disagrees;' only in those cases where 'reasonable jurists could not differ' has an abuse of discretion occurred."  Campos v. Commonwealth, 67 Va. App. 690, 702, 800 S.E.2d 174, 180 (2017) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)).  "Constitutional arguments, however, 'present questions of law that this Court reviews de novo.'"  Id. (quoting Crawford v.

Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011)).  Finally, "[i]nsofar as admissibility of evidence 'rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Beckham v. Commonwealth, 67 Va. App. 654, 658, 799 S.E.2d 689, 691 (2017) (quoting Mason v. Commonwealth, 64 Va. App. 599, 605, 770 S.E.2d 224, 227 (2015)).

## III.  ANALYSIS

Appellant offers several independent arguments to support her assignment of error, which this Court will address in turn.

### A.  Role of Code § 46.2-384

Appellant first contends that the General Assembly in Code § 46.2-384 mandated a specific procedure for obtaining DMV transcripts for use at trial, strict compliance with which is requisite for their admission into evidence.  Nothing in Code § 46.2-384, however, connects the means by which the Commonwealth obtains a transcript with that document's admissibility at trial.

Appellant bases her argument on the following language from Code § 46.2-384:

> Every law-enforcement officer who has arrested any person for . . . driving without a license or while his license has been suspended or revoked . . . shall request from the Department an abstract or transcript of the person's driver's conviction record on file at the Department.  The Department shall furnish the abstract or transcript to the attorney for the Commonwealth of the jurisdiction in which the case will be heard, to be held available for the court in which the person is to be tried for the violation or charge.

This language, appellant argues, requires the DMV to provide a transcript directly to the Commonwealth alone, not to any other instrumentality of the criminal justice system.  Appellant therefore maintains that the transcript in this case should have been inadmissible because the DMV provided the transcript to the trooper who then provided it to the Commonwealth's attorney.

The problem with appellant's argument is that the statute does not condition a transcript's admissibility on compliance with the procedure it sets forth. In fact, an entirely separate statute governs the admissibility of DMV transcripts. Code § 46.2-215, titled "Certification of certain records and admissibility in evidence," provides:

> Whenever any record, including records maintained by electronic media, by photographic processes, or paper, in the office of the Department is admissible in evidence, a copy, a machine-produced transcript, or a photograph of the record or paper attested by the Commissioner or his designee may be admitted as evidence in lieu of the original. In any case in which the records are transmitted by electronic means a machine imprint of the Commissioner's name purporting to authenticate the record shall be the equivalent of attestation or certification by the Commissioner.
>
> Any copy, transcript, photograph, or any certification purporting to be sealed or sealed and signed by the Commissioner or his designee or imprinted with the Commissioner's name may be admitted as evidence without any proof of the seal or signature or of the official character of the person whose name is signed thereto. If an issue as to the authenticity of any information transmitted by electronic means is raised, the court shall require that a record attested by the Commissioner or his designee be submitted for admission into evidence.

This statute's only prerequisite for admission of a DMV transcript, whether an original or a reproduction, is that it be authenticated. Notably, counsel for appellant admitted at trial that his objection was "not an authentication issue."

If the General Assembly had intended that the Commonwealth prove its copy of the DMV transcript had been furnished directly to the Commonwealth attorney as a prerequisite for admission, it would have said so. See, e.g., Phelps v. Commonwealth, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008) ("If the legislature had intended to exclude the defendant from the class of persons whose endangerment is prohibited by Code § 46.2-817(B), the legislature would have said so."); Hughes v. Commonwealth, 39 Va. App. 448, 461, 573 S.E.2d 324, 328 (2002) ("If the legislature had intended to exclude the factual scenario presented in the instant case from the

complete jurisdictional divestiture provisions it could have done so."); Reynolds v. Commonwealth, 30 Va. App. 153, 160, 515 S.E.2d 808, 811-12 (1999) ("If the legislature had intended that operators undergo a forty-hour training program for each individual type of breath test equipment, then it would have said so in the statute.").

Further, the procedure set forth in Code § 46.2-384 conveyed no substantive rights to appellant. See Weathers v. Commonwealth, 262 Va. 803, 805-06, 553 S.E.2d 729, 730 (2001) (holding that where the Commonwealth substantially complied with a statute whose provisions were procedural in nature and did not convey any substantive rights to the defendant, and there was no prejudice to the defendant, precise compliance "was not essential to the validity of the proceedings"). Code § 46.2-384's purpose is to ensure that the Commonwealth and trial court have access to a defendant's DMV transcript for trial of certain driving offenses; it confers no rights or protections on a defendant. Because appellant has demonstrated no prejudice flowing from the method by which the Commonwealth obtained the transcript, precise compliance with Code § 46.2-384's procedure for acquiring DMV transcripts was not "essential to the validity of the proceedings." Lebedun v. Commonwealth, 27 Va. App. 697, 717, 501 S.E.2d 427, 437 (1998) (quoting Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991)). Accordingly, strict compliance with Code § 46.2-384's procedures is not a prerequisite for transcript admission.

## B. Transcript Inaccuracies

Appellant next contends that because the transcript contains an inaccuracy, the trial court abused its discretion in admitting the unreliable document. At the outset, this Court observes that the inaccuracy appellant references never came before the jury. Instead, the Commonwealth redacted the erroneous entry in the transcript admitted into evidence. Despite this corrective measure, appellant maintains that mere existence of an error—redacted or not—draws into

- 5 -

question the validity of the entire document and renders the transcript inadmissible. This argument cannot succeed because blanket exclusion is not an appropriate remedy for a transcript inaccuracy.

Code § 46.2-384 provides that, in prosecutions using a DMV transcript to establish prior convictions, "that portion of the transcript relating to the relevant prior conviction, *shall be prima facie evidence of the facts stated therein* with respect to the prior offense." (Emphasis added). "*Prima facie* evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted. It imports that the evidence produces for the time being a certain result, but that the result may be repelled." Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) (quoting Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951)). The transcript was authenticated pursuant to Code § 46.2-215 and thus served as *prima facie* evidence of the facts it contained, subject to appellant's rebuttal. Although appellant was entitled to present evidence demonstrating that the transcript contained inaccurate information and calling into question the document's reliability, the single inaccuracy he cites does not require the complete exclusion of the transcript.[2]

---

[2] To the extent that appellant's argument on brief regarding transcript inaccuracy also includes an argument that the transcript did not satisfy Virginia's business records exception to the rule against hearsay, that argument is procedurally defaulted under Rule 5A:18. At trial, counsel for appellant mentioned hearsay only in passing as part of his contention that the transcript must come to the Commonwealth directly from the DMV pursuant to Code § 46.2-384. Counsel for appellant said: "I think [Code § 46.2-384 is] very narrowly construed, because essentially the Court is allowing hearsay in, and there was a specific recipe for how this hearsay is coming in, and if it doesn't comport with the statute, I don't believe that it should be admitted." That argument was insufficient to alert the trial court that appellant was challenging the transcript under the business records hearsay exception and therefore fails to satisfy this Court's contemporaneous objection requirement.

## C. Confrontation Clause

Appellant further argues that the trial court violated her Sixth Amendment right to confrontation by admitting the transcript. Because this Court has previously held that DMV transcripts are nontestimonial in nature and that holding is binding on this panel through the interpanel accord doctrine, appellant's argument must fail.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The United States Supreme Court has held that testimonial statements of a witness absent from trial may be admitted only where the defendant has had a previous opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36, 59 (2004). This cross-examination requirement only applies to testimonial statements, and not all statements introduced at trial are testimonial. Id. at 56. The Court in Crawford clarified why many ordinary public records are not testimonial: "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because— having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324 (2009).

This Court first determined that DMV transcripts are nontestimonial in Jasper v. Commonwealth, 49 Va. App. 749, 644 S.E.2d 406 (2007). Following the Melendez-Diaz decision, this Court revisited the issue in Boone v. Commonwealth, 63 Va. App. 383, 758 S.E.2d 72 (2014). Reasoning that a DMV transcript constituted a "compilation of records [that had] 'been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial,'" this Court held that Melendez-Diaz did not require a different

result and concluded that Jasper remained good law.  Id. at 391, 758 S.E.2d at 76 (quoting

Melendez-Diaz, 557 U.S. at 324).

Despite appellant's argument that Jasper and Boone were wrongly decided, those

decisions bind us under this Court's well-established doctrine of interpanel accord.  "As . . .

published decision[s] of . . . prior panel[s] of this Court, [Jasper and Boone] [are] binding on us

and control[] our resolution of this issue."  Vay v. Commonwealth, 67 Va. App. 236, 257, 795

S.E.2d 72, 76 (2017); see, e.g., Startin v. Commonwealth, 56 Va. App. 26, 39 n.3, 690 S.E.2d

310, 316 n.3 (2010) (*en banc*) (noting that published panel opinions of the Court of Appeals

"bind all other three-judge panels under the interpanel accord doctrine . . . [; however,] they do

not bind the Court sitting *en banc*").  Accordingly, because this Court's precedent holds that

DMV transcripts are not testimonial, appellant's Confrontation Clause argument is of no avail.

D.  Due Process and Code § 46.2-384

Appellant's final argument is that because Code § 46.2-384 states that the portion of a

transcript relating to a prior conviction "shall be prima facie evidence of the facts stated therein

with respect to the prior offense," the trial court in applying the statute impermissibly shifted the

burden of proof to appellant in violation of the Due Process Clause by admitting the transcript.

As the language of Code § 46.2-384 provides only for a permissive inference and not a

mandatory presumption, this argument also cannot succeed.

The Virginia Supreme Court recently set forth the applicable standard for this due

process analysis:

> The Due Process Clause protects the accused against
> conviction except upon proof beyond a reasonable doubt of every
> fact necessary to constitute the crime with which he is charged.
> Mandatory presumptions violate the Due Process Clause because
> they instruct the jury that it must infer the presumed fact if the
> State proves certain predicate facts, which relieves the State of the
> burden of persuasion on an element of an offense.

- 8 -

The Due Process Clause, however, does not prohibit the use of a permissive inference. A permissive inference is "a procedural device that shifts to a defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt." "A permissive inference does not relieve the State of its burden of proof because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts provided."

Lindsey v. Commonwealth, 293 Va. 1, 5-6, 795 S.E.2d 311, 313 (2017) (citations omitted) (quoting Dobson v. Commonwealth, 260 Va. 71, 74-75, 531 S.E.2d 569, 571-72 (2000)). Virginia's criminal and traffic statutes are rife with *prima facie* proof mechanisms, many of which the Commonwealth's courts have held to constitute permissive inferences.[3] For instance, in Dooley v. Commonwealth, 198 Va. 32, 34, 92 S.E.2d 348, 349-50 (1956), the Supreme Court held a statute providing that police radar readings were *prima facie* evidence of a car's speed did not violate due process because there was a rational evidentiary relationship between the fact proven and the fact presumed and the presumption was subject to defense rebuttal. More recently, in interpreting a statute stating that a person who "presents the appearance of being less than eighteen years of age . . . is prima facie presumed to be less than eighteen years of age," that Court held that it "fail[ed] to see any due process implications in a rebuttable presumption which, by definition, does no more than shift the burden of going forward with the evidence." Freeman v. Commonwealth, 223 Va. 301, 312, 288 S.E.2d 461, 467 (1982). Just this year, the Supreme

---

[3] See, e.g., Code § 18.2-94 ("The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be *prima facie* evidence of an intent to commit burglary, robbery or larceny."); Code § 18.2-292 ("The presence of a machine gun in any room, boat or vehicle shall be *prima facie* evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found."); Code § 18.2-423 ("Any such burning of a cross shall be *prima facie* evidence of an intent to intimidate a person or group of persons."); Code § 18.2-472.1 ("At any preliminary hearing pursuant to this section, an affidavit from the State Police issued as required in § 9.1-907 shall be admitted into evidence as *prima facie* evidence of the failure to comply with the duty to register or reregister [with the Sex Offender and Crimes Against Minors Registry].") (emphases added).

Court in <u>Lindsey</u> held that a jury instruction effectuating Code § 18.2-103's language stating that willful concealment of goods on a store's premises "shall be prima facie evidence of an intent to convert and defraud the owner" merely created a permissive inference that did not offend due process. 293 Va. at 8, 795 S.E.2d at 314.

Code § 46.2-384's *prima facie* language likewise constitutes a permissive inference that does not violate due process because it does not shift the burden of proof onto appellant. At most, it "does no more than shift the burden of going forward with the evidence." <u>Freeman</u>, 223 Va. at 312, 288 S.E.2d at 467. By presenting the transcript, the Commonwealth satisfied its burden of production and created an inference that appellant had been convicted of the crimes reported on the transcript. The Commonwealth obligated appellant to produce some evidence contesting that inference, but it retained "the ultimate burden of proof beyond a reasonable doubt." <u>Lindsey</u>, 293 Va. at 6, 795 S.E.2d at 313 (quoting <u>Dobson</u>, 260 Va. at 75, 531 S.E.2d at 571). Therefore, the trial court did not offend appellant's due process rights by admitting the transcript.

## IV. CONCLUSION

For the foregoing reasons, this Court holds that the trial court did not abuse its discretion in admitting the DMV transcript and accordingly affirms appellant's conviction.

<u>Affirmed.</u>